GRACEY, JUDGE:
Claimants seek $20,000.00 for damages to real property resulting from water drainage on the property. After it was determined that the property is titled in the names of claimant and his wife, the Court amended the style of the claim to reflect that fact.
Claimant Velma Layne testified that his property is located on Woodville Drive, a State-maintained road. Sometime after his house was built in the early part of 1985, a campground was installed near claimants’ property. There was also a secondary road located at the intersection of the two campground roads. Claimant alleges that respondent constructed a bank adjacent to the road leading to the entrance and exit of the campground. Water from all three roads was then discharged directly onto claimants’ property. Claimants contend that the damage to their property was caused by this action on the part of respondent.
Respondent contends that one of the reasons for the damages to claimants' property is the construction of the campground road by a private party. Respondent also contends that claimants' property is in a low-lying, natural drainage area. The drainage from the surrounding area drains onto claimants' property.
Claimant Velma Layne testified that very soon after he built his home in January 1984, the campground was built. Claimants' property fronts on Woodville Drive. The culvert which goes underneath Woodville Drive has remained open during the time that he and his wife have resided on the property. Claimants experienced no problems with water until the construction of the campground and the campground roadway. Water began to wash away gravel from claimants' driveway, and claimants have incurred the expense of replacing the gravel. The water has also caused the center of claimants' garage floor to settle in the middle. There is a depression of three inches in the concrete floor. Claimants have had to place three extra loads of gravel at a cost of $300.00 due to the drainage problem. Claimant Velma D. Layne, III did not provide an estimate for the cost of repair of the garage floor. He did agree that it would be beneficial to construct a concrete catch basin across the top of the driveway to divert the water. He plans to construct this basin at some future date, but he had not constructed the basin as of the date of this hearing.
Claude C. Blake, Chief Claim's Investigator for respondent, testified regarding his investigation of claimants' property. He stated that he had seen the property several times. He did not observe claimants' property during rain.
Thomas Footo, Design Engineer for respondent, testified that he is familiar with the Layne property. After he inspected the property, he was unable to determine anything that could be the *200 cause of the drainage problem. In his opinion, claimants' lot was not graded to facilitate drainage away from the house.
John Sammons, Area Maintenance Assistant for respondent in Cabell and Lincoln counties in 1984 through 1986, discussed the Layne property. He checked the drainage ditches and drainpipes on the State-maintained roads and found that these were open and providing the intended drainage.
James Campbell, District Engineer for respondent, stated that he was not familiar with claimants' property, but had viewed it recently. He stated that there are no provisions for drainage on the claimants' house. This fact adversely affects the drainage at the base of the house.
It is the opinion of the Court that claimants' damage is the result of construction of the campground road by a third party and the location of the claimants' property in a natural drainage area without provision for protection from such drainage. The Court finds no negligence on the part of the respondent. Accordingly, the claim must be denied.
Claim disallowed.